## CONLEY *v.* STATE.

### Opinion delivered June 29, 1901.

EMBEZZLEMENT—INSTRUCTIONS.—Defendant hired a team, promising to return it the next day, but kept it for six weeks, and wrote letters informing the bailor that he intended to return the team, without stating where he would be at any future time, so as to enable the bailor to locate him there. On a prosecution for embezzlement, the court instructed the jury that "to ˙be guilty of embezzling the property, the defendant would have to do more than merely retain possession of and use it for a longer time than he had hired it for," but refused at defendant's request to charge as follows: "To embezzle the property, the defendant would have to convert it to his own use, which means that he would have to sell or dispose of the property, or do something which amounted to a holding in active dispute of the owner's right; and such acts on his part must have been with the fraudulent intent of depriving him of his property." *Held*, that the instruction should have been given.

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

*Porter Conley, pro se.*

There was no criminal conversion of the property. 8 S. W. 935; 49 S. W. 387; 54 S. W. 588; Bishop, Stat. Cr. (2d Ed.) § 424; 1 Whart. Cr. Law (8th Ed.), § 1058. What constitutes larceny, see Sackett's Inst. 539; 55 Ill. 334; 2 Bish. Cr. Law (6th Ed., 372. Criminal intent must be alleged and proved. 2 Bish. Cr. Law, 379; Rapalje's Larceny, 472. A mere failure to return the property is not sufficient. 2 Bish. Cr. Law, 376; 28 N. W. 838. No venue is proved. 25 Ohio St. 168; 54 Ark. 611; Whart.

Cr. Law, § 1059; 51 Cal. 376.   Embezzlement cannot be committed without a conversion and intent to deprive the owner of his property.   Bish. Stat. Cr. (2d Ed.) 424; 2 Bush. Cr. Law (6th·Ed.), 372; 45 N. J. L. 372; 70 Iowa, 180; 1 N. E. 214; 58 Ark. 98; 98 Mo. 482 16 Tex. App. 586; 10 Ala. 45; 6 Am. & Eng. Enc. Law, 480; 25 Pac. 325; 90 Mo. 166.

WOOD, J.   The appellant was convicted of embezzlement. The proof on behalf of the state tended to show that he hired a team to go to a place called Solgohachie, about nine miles from Morrillton, in Conway county.   The party from whom he hired the team expected him to return it to Morrillton the next day, but, instead of doing so, he kept the team and used it for about six weeks, traveling in various counties in the state, until he was finally arrested with the team still in his possession near Waldron, in Scott county, about 100 miles from Morrillton.   The proof tended to show that, while the defendant was traveling about he wrote letters to his bailor at Morrillton, promising to return the property, but in none of the letters did he inform the bailor for hire where he would be at any future time, so as to enable the bailor to locate him there.

On behalf of the defense, the proof tended to show that the defendant expected to return the property to the owner.

The court instructed the jury "that, in order to convict defendant, you must find beyond a reasonable doubt that the defendant, in this county and state, and within three years before the finding of the indictment herein, unlawfully, feloniously, and fraudulently did convert to his own use and benefit the property of J. R. Faucett described in the indictment, with the felonious intent to deprive said Faucett of his said property.   To be guilty of embezzling the property, the defendant would have to do more than merely retain possession of and use it for a longer time than he had hired it for."

The defendant asked, and the court refused, the following request for instruction:   "To embezzle the property, the defendant would have to convert it to his own use, which means that he would have to sell or dispose of the property, or do some act which amounted to a holding in active dispute of the owner's right; and such acts on his part must have been with fraudulent intent of depriving him of his property."   The same idea was repeated in other requests refused.

The statute provides: "If any * * * bailee shall embezzle, or convert to his own use, or make way with, or secrete with intent to embezzle, or convert to his own use, any * * * property which shall have come to his possession, * * * such bailee * * * shall be deemed guilty of larceny, and on conviction shall be punished as in cases of larceny." Sand. & H. Dig., § 1712.

The language in the court's charge, "convert to his own use," is the language used in the statute; but we are of the opinion that the lawmakers did not intend that anything short of a conversion of property by a bailee with the intent to make same his own, and thus permanently deprive the owner of the use and benefit thereof, should constitute the crime of embezzlement. They make the conversion of it "for his own use" larceny, placing it on the same grade as larceny. So far as the conversion is concerned, the essential elements of criminality are the same in embezzlement as in larceny, *i. e.*, there must be the felonious intent at the time of the conversion of the property by the bailee to make the same his own. *Fleener* v. *State,* 58 Ark. 98.

If the bailee only intends to use the property, and to return it (the specified property) finally to the owner, he is not guilty of embezzlement, although such use may be without the knowledge and consent, and contrary to the expressed wishes and directions, of the bailor. Such is the purport of the authorities. See appellant's briefs.

The issue under the proof in this case was whether or not the defendant had unlawfully converted the property to his own use in Conway county so as to constitute embezzlement; that is, feloniously to deprive the owner permanently of his property. This should have been made clear to the jury in the instructions. The instructions were susceptible of the interpretation that a use of the property by the bailee without the design of depriving the owner permanently of his property was sufficient to establish the crime. The jury were the judges of the evidence and the credibility of the witnesses, and it was for them, under all the evidence, to say what the intent of the defendant was.

For the error in refusing requests for instructions in accord with the principles above announced, the judgment is reversed, and cause remanded for new trial.