## HUBBARD *v.* STATE.

### Opinion delivered November 18, 1905.

1. EXTRAJUDICIAL CONFESSION—NECESSITY OF CORROBORATION.—An instruction in a criminal case that the jury might convict the defendants if they were satisfied, beyond a reasonable doubt, by his confession, not made in open court, that he was guilty of the crime charged was erroneous, under Kirby's Digest, § 2385, (Page 128.)

2. HOMICIDE—CORPUS DELICTI.—It is not essential in a murder case that the *corpus delicti* be established by proof entirely independent of defendant's confession. (Page 128.)

Appeal from Randolph Circuit Court; JOHN W. MEEKS, Judge; reversed.

#### STATEMENT BY THE COURT.

At the July term, 1905, of the Randolph Circuit Court, appellant, Ed Hubbard, was indicted, tried and convicted of the crime of murder in the first degree, and sentenced to be hanged. He is charged with killing one W. P. Burns by drowning him in Spring River, which is the boundary line, at the place where the crime is said to have been committed, between Randolph and Lawrence counties.

Burns lived in Randolph County on the bank of Spring River, and operated a ferry known as Burns's Ferry. A few months before his death he became acquainted with a woman named Willie Roberts, and proposed to her that if she would live with him and keep house for him he would make his last will in her favor, leaving all his property to her. The woman acceded to his request, and went to live with him, and continued to live with him up to his death. It appears that she represented to Burns that the defendant was her half-brother, and that

defendant visited her under that guise from time to time while she lived with Burns, though he (defendant) denies that he told Burns that Willie Roberts was his half-sister. On the morning of the day on which Burns was drowned, Willie Roberts gave an alarm to the neighbors, and notified them that Burns was missing. She claimed, and also testified at the trial below, that Burns arose early that morning, as was his custom, and went to the river to look after his fish lines near the ferry, and failed to return. His dead body was found in the river near the Randolph County shore.

W. A. Jackson, sheriff of Randolph County, and other witnesses, testified that the defendant made a confession, in which he stated that he pushed Burns from a skiff as they were crossing the river and drowned him. The defendant in his testimony at the trial admitted that he had made the alleged confession, but testified that his statements were not true; that he did not commit the crime, but made the confession under fear of violence from a mob. He testified that Burns accidentally fell from the skiff, and was drowned in that way. There was no other direct proof that defendant committed the alleged crime, or that a crime had been committed, though other circumstances were proved tending, in some degree, to show that a crime had been committed, and to fix the same upon the defendant.

The court gave the following, among other, instructions, over the objection of defendant:

"7. And you are further instructed that, should you find that a confession has been made by the defendant, and should you be satisfied by such confession or confessions alone, or in connection with all other testimony in the case, beyond a reasonable doubt, that the defendant is guilty of one of the crimes charged in the indictment, then it would be your duty to convict; otherwise you should acquit."

*A. J. Witt* and *T. W. Campbell,* for appellant.

The testimony as to confessions was inadmissible. 50 Ark. 305; *Ib.* 504; 66 Ark. 53; 1 Bish. Crim. Pr. 1227; 3 Am. & Eng. Enc. L. 457; *Ib.* 458, 459; 1 Greenleaf on Ev. 220. Confessions are not admissible unless freely and voluntarily made, and the burden is on the State to prove them of this character. 22 Ark. 326.

The *corpus delicti* cannot be established by confessions alone. Hughes on Instructions to Juries, 320; 1 Greenleaf, Ev. § 217; Kirby's Digest, § 2385; 84 S. W. 494.

The court's instruction No. 7 was erroneous, in authorizing the jury to convict on the confession alone. Cases cited, *supra;* 3 Am. & Eng. Enc. Law, 447, 448.

*Robert L. Rogers, Attorney General,* for appellee.

The presumption as to continuance of undue influence may be overcome by proof that subsequent confessions were given free from such influence. 74 Ark. 397.

The *corpus delicti* need not be proved beyond a reasonable doubt, nor be sufficient to convict independent of confession. 12 Cyc. 484.

McCULLOCH, J., (after stating the facts.) The court committed an error in giving instruction No. 7. By it the jury were told that they might convict the defendant if they were satisfied, beyond a reasonable doubt, by the confession alone, or in connection with all other testimony in the case, that he was guilty of the crime charged. The confession alone is insufficient to sustain a conviction. There must be other proof of the commission of the offense. Kirby's Digest, § 2385.

It is not essential that the *corpus delicti* be established by proof entirely independent of the confession, and the instruction to that effect asked by the defendant was properly refused. *Meisenheimer* v. *State,* 73 Ark. 407.

The judgment is therefore reversed, and the cause remanded for a new trial.