## HARSHAW *v.* STATE.

### Opinion delivered March 28, 1910.

1. EVIDENCE—CONFESSION.—Where a confession is shown to have been made freely and voluntarily, it is admissible. (Page 344.)

2. SAME—EXTRAJUDICIAL CONFESSION—CORROBORATION.—An extrajudicial confession may be considered in connection with other evidence tending to establish the guilt of the defendant; but if there is no other evidence of the *corpus delicti,* the defendant cannot be convicted upon such confession. (Page 344.)

3. CRIMINAL LAW—PERMITTING JURY TO TAKE PAPERS.—It was within the court's discretion to permit the jury in a forgery case to take with them for examination the instrument alleged to have been forged. (Page 345.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Sam R. Chew,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

Extrajudicial confessions are admissible if voluntarily and freely made. 28 Ark. 121; 3 Ark. 368; 73 Ark. 407; 63 Ark. 457; 66 Ark. 506; 73 Ark. 495; 72 Ark. 145; 77 Ark. 126; 77 Ark. 426. A confession is sufficient to sustain the verdict, when accompanied with other proof that the crime was committed. Kirby's Dig., § 2385. The discretion of the trial judge in receiving confessions in evidence will not be controlled unless clearly abused. 82 N. C. 631; 67 Vt. 365; 43 S. W. 418; 2 Greenleaf, Ev., § 219 (b). It was not error to allow the jury to take the forged instrument to the jury room with them. 29 Ark. 17; *Id.* 249; 5 Ark. 61.

WOOD, J. The appellant was convicted of forgery. The indictment charged him and Evans & Dugan with the crime of forging a time check. The indictment is the same as that in the case of *Evans* v. *State,* in which the opinion of the court has just been rendered by Judge BATTLE. The indictment is valid for the reasons therein given. The testimony in this case is practically the same as in that, and in addition appellant is shown to have made a free and voluntary confession, which was reduced to writing by a justice of the peace and sworn to by appellant, in which he states that he and Evans and W. H. Dugan had issued several time checks for straw men, among them to one Richard Walsh. Appellant told where the checks were cashed, and how much he and his confederates received. He gave the numbers, names and amounts of the various time checks that had been carried on the rolls and issued to straw men. Appellant turned over $300 to Justice of the Peace Crutcher. It was first turned over as a pledge or bond for his appearance, and later was turned over to the railroad company to apply to appellant's shortage. As the confession is shown to have been made freely and voluntarily, it was admissible. *Ince* v. *State,* 77 Ark. 426; *Hubbard* v. *State,* 77 Ark. 126; *Hammons* v. *State,* 73 Ark. 495; *Brewer* v. *State,* 72 Ark. 145.

Appellant contends that the court erred in giving instruction number 6, which told the jury that the confession of the defendant, accompanied with proof that the offense was committed by some one, will warrant defendant's conviction. This instruction is in conformity with the statute. Section 2385, Kirby's Digest.

It is not essential that the *corpus delicti* be established by evidence entirely independent of the confession, before the confession can be admitted and given probative force. The confession may be considered in connection with other evidence tending to establish the guilt of the defendant. But, if there is no other evidence of the *corpus delicti* than the confession of the accused, then he shall not be convicted alone upon his confession. *Hubbard* v. *State,* 72 Ark. 126; *Meisenheimer* v. *State,* 73 Ark. 407.

We find no reversible error in the other instructions of the court. Other rulings are passed upon in *Evans* v. *State, post* p.

400, the forged time check was exhibited to the jury. They had examined it in the jury box, and it was within the discretion of the court to permit them to take it with them to the jury room for further inspection. The jurors would have the right to express their views in regard to the alleged forged instrument after they retired to the jury room to consider of their verdict, and this they could do more accurately and intelligently perhaps with the instrument before them than to depend upon their recollection of how it appeared to them when it was exhibited and passed around among them for inspection while in the jury box. There was no error in this. *Humphries* v. *McCraw,* 5 Ark. 61; *Hurley* v. *State,* 29 Ark. 17; *Palmore* v. *State,* 29 Ark. 249.

Finding no prejudicial error, the judgment is affirmed.