## RUSSELL v. STATE.

### Opinion delivered March 30, 1914.

1. EMBEZZLEMENT—USE OF FUNDS.—A party may be guilty of the crime of embezzlement, whether he used the money taken or loaned it to others to use. (Page 286.)

2. EMBEZZLEMENT—PAYMENT.—Repayment of money appropriated after an indictment is found against him, is no defense for a person charged with the crime of embezzlement. (Page 286.)

3. EMBEZZLEMENT—CONVERSION OF FUNDS—INTENT.—Where a city collector converts the public funds in his hands to his own use, it is no defense to an indictment for embezzlement to show that he expected to return the money. (Page 287.)

4. EMBEZZLEMENT—DEFENSE—CONCEALMENT.—One guilty of an embezzlement can not claim immunity because he did not attempt to conceal the evidence of his crime. (Page 288.)

5. CRIMINAL LAW—CONFESSION—OTHER EVIDENCE.—The defendants' statements alone will not be sufficient to justify the finding that he committed the crime charged against him, but such statements may be considered along with other circumstances, if there are such circumstances, tending to show that the crime was in fact committed. (Page 288.)

6. APPEAL AND ERROR—FAILURE TO ASK PROPER INSTRUCTION.—One who has not asked a proper instruction on the subject can not complain of the refusal of the court to give an improper one. (Page 289.)

7. CRIMINAL LAW—EXTRA-JUDICIAL CONFESSION—OTHER EVIDENCE.—An extra-judicial confession, when supported by outside evidence of guilt will warrant a conviction of the crime of embezzlement. (Page 289.)

8. EMBEZZLEMENT — EXTRA - JUDICIAL CONFESSION — CORROBORATION. — Where a city collector failed to turn over to his successor, at the end of his term, public funds collected by him, that fact is sufficient to corroborate an extra-judicial confession of guilt, and warrant a conviction of embezzlement. (Page 290.)

9.  CRIMINAL LAW—EXCESSIVE FINE—PRACTICE.—Where the jury im-
    posed a fine in excess of that provided by law, the court should dis-
    regard the excess; and on appeal the judgment will be modified by
    striking out that portion assessing the excessive fine, and affirmed.
    (Page 291.)

Appeal from Jefferson Circuit Court; *Antonio B. Grace*, Judge; modified and affirmed.

### STATEMENT BY THE COURT.

Appellant was collector of the city of Pine Bluff, and by virtue of his office was ex-officio collector for all the improvement districts within that city. He was indicted on the 24th of June, 1913, for the crime of embezzlement, it being alleged that as such collector he had collected the sum of $2,990.38, belonging to Paving District No. 26, and it was there recited that he "unlawfully and fraudulently did make way with, embezzle and convert to his own use without the consent of said Paving District No. 26," the said sum of money. A demurrer to the indictment was filed and overruled.

At the trial the State offered the evidence of a number of gentlemen to the effect that appellant had invited them to attend a meeting of his friends at the Y. M. C. A. building in the city of Pine Bluff, and that when these gentlemen assembled, appellant addressed them and stated that he had made a very great mistake, and that he had invested large sums of money in an enterprise which he referred to as the Watson Company, and that he had lost this money. He further stated that this money was not his own, but was the property of various paving, sewerage and other improvement districts in that city, and he called off the sums of money due to each of these districts, and admitted that his total shortage exceeded $13,000. The purpose of this meeting was to advise his friends of his embarrassment and to call upon them for assistance, and at his trial appellant undertook to show that he had paid over the various sums due by him; but the court excluded all evidence relating to payments subsequent to the date of the indictment, and there was no offer to prove any payment of any shortage prior to that time. A commissioner of Paving District No. 26

testified that appellant admitted his shortage to him and endeavored to negotiate a loan of money to cover the defalcation.

At the trial the jury was instructed that if appellant received any sum of money whatsoever belonging to said paving district, or invested the same, or any part thereof, in the Watson Company, or otherwise made use of any of said funds for his own purpose, that he was guilty as charged. And the jury was further told that it was not necessary in order to warrant a conviction that appellant should have used the money, or any part thereof, for his own purposes, but that the appellant was guilty if he permitted others to use it. And the jury was further told that if the appellant used for his personal purposes any money which came to him as collector of the paving district, the fact, if it was a fact, that he afterward paid the proper authorities of the district the money so unlawfully used, was immaterial and should not be considered in determining the question of the guilt or innocence of the defendant.

The appellant requested the court to charge the jury as follows:

1. The court instructs the jury that the mere failure to pay over to the treasurer or commissioners of Paving District No. 26 the money in his hands by defendant, at the proper time, would not, of itself, constitute the offense of embezzlement, but, to constitute embezzlement, it must appear that the defendant did retain money of Paving District No. 26, that came to his hands by reason of his position as collector, by attempting to, in some manner, conceal from the commissioners of Paving District No. 26 the fact that he was in possession of same, or by falsely and fraudulently keeping his accounts so as to prevent the commissioners of Paving District No. 26 from knowing the defendant had it in his possession, and the taking and receiving the same being lawful, the appropriation thereof must appear to have been felonious.

2. You are instructed that statements made by defendant can not be considered by you in determining

whether the defendant committed the crime charged against him; that is, such statements alone will not be sufficient to justify you in finding that the defendant committed the crime charged against him, but they must be considered by you along with other circumstances, if there are such circumstances, tending to show that the crime was, in fact, committed.

3. You are instructed that in order to embezzle the property the defendant would have to convert or dispose of the property, or do something which amounted to the holding in active dispute of the owner's right—in this case, Improvement District No. 26—and such acts on his part must have been with the fraudulent intent to deprive the owner of the property.

Each of these instructions was refused, and proper exceptions were saved to the giving and refusing of the various instructions.

The jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at a fine of $500 and imprisonment in the State penitentiary at a period of one year."

Motion for a new trial was filed and overruled, and appellant prosecutes this appeal from the judgment of the court pronouncing the sentence in accordance with the verdict of the jury.

The Attorney General has filed a confession of error upon the ground that the only evidence tending to show that appellant had appropriated the funds of Paving District No. 26 was his alleged confession, and that the court should therefore have given instruction No. 2, asked by appellant.

*E. J. Kerwin* and *A. H. Rowell,* for appellant.

1. Defendant was indicted for embezzlement under the old statute, but was convicted under the act of 1909. 95 Ark. 61.

2. The State failed to prove that the act was committed within three years. 32 Ark. 205; 45 *Id.* 333; 160 S. W. 1090.

3. It is necessary to prove the *corpus delicti* by other evidence than the extra-judicial confessions of defendant. 94 Ark. 343; Kirby's Dig., § 2385; 73 Ark. 411; 1 Greenl. on Ev., § 216.

*Wm. L Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Confesses error in refusing to give instruction No. 2. The only evidence was defendant's confession unsupported by any other evidence. 73 Ark. 411; 94 *Id.* 343; Kirby's Dig., § 2385; *McLemore* v. *State,* ms. op.; Acts 1909, No. 80, § 3.

SMITH, J., (after stating the facts). The confession of error presents the real question in this case, and that is whether or not there is a sufficiency of evidence, aside from the confession, to support the verdict. If the confession is properly supported by the evidence, appellant must necessarily be guilty of the crime of embezzlement, for, by his own statement, it appears that he had converted large sums of money belonging to Paving District No. 26, and to other improvement districts, and that he had lost this money by his investments in the Watson Company. And it would be immaterial whether he became personally interested in this company, or had loaned the money to others who were interested in that company, or had loaned the money to the company itself, as in any of these cases this use of the money would be a conversion of it to his own use.

Appellant made no attempt to show that he had paid over these sums of money until after he had been indicted, and payment at that time would be no defense if he had previously converted the money to his own use. The record indicates that appellant's friends made good the shortage; but, as has been stated, there is no proof that this action was taken prior to the finding of the indictment, and such payment is no defense against a prosecution for embezzlement. *Fleener* v. *State,* 58 Ark. 98.

The second instruction given by the court which told the jury that the State was not required to prove the intent with which the money was taken, was not improper

under the facts of this case, because, if appellant made
the use which his confession shows he made of the money
of the paving district, he must necessarily have converted
that money to his own use, and when he did this, the of-
fense of embezzzlement was complete, and he can not be
heard to say that he did not intend to do that which he
must have done voluntarily and knowingly. In other
words, by his own confession, he converted nearly $3,000
of the money of Paving District No. 26 to his own use,
and more than ten thousand dollars of the money of
other improvement districts, and, having done this, it
would be no defense for him to show that he had expected
to return this money. We have in mind the case of *Con-
ley* v. *State,* 69 Ark. 454, in which case it was said: "The
language in the court's charge, 'convert to his own use,'
is the language used in the statute; but we are of the
opinion that the lawmakers did not intend that anything
short of a conversion of property by a bailee with the
intent to make same his own, and thus permanently de-
prive the owner of the use and benefit thereof, should
constitute the crime of embezzlement. They make the
conversion of it 'for his own use' larceny, placing it in
the same grade as larceny. So far as the conversion is
concerned, the essential elements of criminality are the
same in embezzlement as in larceny, *i. e.,* there must be
the felonious intent at the time of the conversion of the
property by the bailee to make the same his own. *Flee-
ner* v. *State,* 58 Ark. 98.

"If the bailee only intends to use the property, and
to return it (the specified property) finally to the owner,
he is not guilty of embezzlement, although such use may
be without the knowledge and consent, and contrary to
the expressed wishes and directions, of the bailor. Such
is the purport of the authorities."

But it will be observed that the court was there deal-
ing with specific property, and it was said not to be em-
bezzlement for one to use property for a longer period
than he was authorized to do, provided he did not intend
to thus permanently deprive the owner of his property.
But there is no question here about the use or return of

specific property. The appellant had the lawful custody of the money, but he had no legal right to the use of any of it, and when he used it, he must necessarily have converted it to his own use, and he can not excuse that act by showing his good intentions to return it.

· Instruction No. 1, asked by appellant, not only told the jury that mere failure to pay over the money would not constitute embezzlement, but it went further and said that it must appear that the defendant retained the money of the district by attempting to in some manner conceal the fact that he was in possession of it, or by falsely and fraudulently keeping his accounts so as to prevent the commissioners from knowing he had it in his possession. The effect of this instruction is to tell the jury that the crime of embezzlement can be committed only surreptitiously, and that that crime was not committed if appellant's books were kept so that his shortage appeared from an inspection of them. It appears to have been a fact that appellant's books were kept properly, and that the amount of his shortage was readily ascertained from an inspection of them, but this, of course, can be no defense. One guilty of embezzlement can not claim immunity because he did not attempt to conceal the evidence of his crime.

What we have already said about the intent disposes of the third instruction requested by appellant. The second instruction presents the real question in the case, and because of its refusal the Attorney General confesses error. But this instruction considered by itself is not correct, for the latter part of it is in conflict with the first part of it. The latter part of this instruction correctly tells the jury that the defendant's statements alone will not be sufficient to justify the finding that appellant committed the crime charged against him; but that such statements could be considered by the jury along with other circumstances, if there are such circumstances, tending to show that the crime was, in fact, committed. But the first part of this instruction told the jury that statements made by the appellant can not be considered in determining whether the appellant committed the

crime charged against him, and this, of course, is not a
correct statement of the law, and when read as a whole,
as all instructions should be, it is not entirely clear what
weight the jury should give in considering appellant's
statements.

An instruction, of which this is practically a copy,
was given by the court in the case of *Meisenheimer* v.
*State,* 73 Ark. 407. But the instruction was not expressly
approved in that case; on the contrary, it was there given
instead of one which had been asked by the defendant on
the same subject. The discussion in that case shows that
the instruction which the defendant asked was not the
law, and all of the one given was as favorable as he could
ask, and he was therefore not prejudiced because it was
not technically correct. One who has not asked a proper
instruction on the subject can not complain of the refusal
of the court to give an improper one. *Western Union Tel.
Co.* v. *Ford,* 77 Ark. 531.

It is, of course, true that, "A confession of a de-
fendant, unless made in open court, will not warrant a
conviction unless accompanied with other proof that such
offense was committed," because section 2385 of Kirby's
Digest so provides; but such confessions are not to be
disregarded in determining whether the defendant com-
mitted the crime charged against him. The proper con-
struction of the above quoted section of the Digest was
discussed in the case of *Meisenheimer* v. *State, supra,*
where it was said:

"The authorities sustain the proposition that a con-
fession may be considered as evidence tending, but in-
sufficient of itself, to prove the *corpus delicti,* as well as
the connection of the defendant with the crime. The New
York statute is similar to the one under consideration,
using the term 'additional proof' where this uses 'other
proof.' The court of appeals says, after stating the same
objection that is urged here: 'But we are of opinion
that when, in addition to the confession, there is proof
of circumstances which, although they may have an inno-
cent construction, are nevertheless calculated to suggest
the commission of crime, and for the explanation of which

the confession furnishes the key, the case can not be taken
from the jury for a noncompliance with the requirement
of the statute:' The words of the statute, 'additional
proof that the crime charged has been committed,' seem
to imply that the confession is to be treated as evidence
of the *corpus delicti;* that is, not only of the subjective
criminal act, but also the criminal agency of the defend-
ant; in other words, as competent proof of the body of
the crime, though insufficient without corroboration to
warrant a conviction.' *People* v. *Jaehne,* 103 N. Y. 182.
In *People* v. *Badgley,* 16 Wend. 53, the court said: 'Full
proof of the body of the crime, the *corpus delicti,* inde-
pendently of the confession, is not required by any of
the cases; and in many of them slight corroborating facts
were held sufficient.' In *People* v. *Deacons,* 109 N. Y. 374,
the court said: 'There must be some other evidence of
the existence of the criminal fact to which the confession
relates.' "

And in the *Meisenheimer* case it was further said
that, "The proposition that the confession is evidence,
but not sufficient *per se,* to prove the crime, seems fully
established." Appellant's confession was extra-judicial,
but it is not unsupported by other evidence. The evi-
dence was undisputed that appellant's term of office ex-
pired on the 7th of April, and that he did not then pay
over to his successor, nor to the treasurer of the various
districts, the sums of money collected by him, and in no
event could he lawfully retain possession of his collec-
tions beyond the expiration of his term of office. The city
clerk audited appellant's books and experienced no diffi-
culty in ascertaining from them the amount of the short-
age, and the sums thus found to be due corroborated the
statements made by appellant to his friends when he ad-
vised them of his embezzlement. Here the undisputed
proof shows, independently of any confession made by
appellant, that he had collected large sums of money, of
which $2,990.38, belonged to Paving District No. 26, and
that this money had not been paid over when the audit of
the books was completed, about the first of June there-
after. Under the rule laid down in the case of *Meisen-*

*heimer* v. *State, supra,* this is sufficient corroboration of appellant's confession to show the commission of the crime and his guilt.

It thus appears that the evidence, under the instructions of the court, was sufficient to sustain a conviction for embezzlement; but the punishment appears to have been assessed under Act No. 80 of the Acts of the General Assembly of 1909, which provides that any person violating any of the provisions of that act shall on conviction be fined any sum not less than $500, nor more than $5,000 and imprisonment in the State penitentiary not less than one year, nor more than ten years. This act is an enlargement of the embezzlement statute in its application to boards of improvement in cities and towns in this State. This act makes it unlawful for the collector or treasurer of the improvement district, or any other subordinate officer appointed by the board, to loan or use, or to be interested in the loan or use of any fund raised by the improvement district. The acts and omissions made unlawful by this Act No. 80, are not as technical as the crime of embezzlement is; but we need not determine the application of that act to the facts of this record, because appellant was indicted for embezzlement, and the proof is legally sufficient to sustain his guilt of that crime.

In assessing a fine, the jury imposed a punishment in excess of that provided by law, and in such cases the court should disregard the excess. Section 2434 of Kirby's Digest, so provides. The judgment of the court will therefore be modified by striking out that portion assessing a fine, and is otherwise affirmed.