## SMITH *v.* STATE.

### Opinion delivered March 23, 1925.

1. CRIMINAL LAW—CONFESSION.—A confession of guilt, in connection with proof of the commission of the crime, is sufficient to support a conviction, under Crawford & Moses' Dig., § 3182.

2. CRIMINAL LAW—ASSIGNMENT OF ERROR NOT CARRIED FORWARD IN MOTION FOR NEW TRIAL.—An assignment of error in refusing to exclude evidence, not carried forward in a motion for new trial, cannot be considered on appeal.

3. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—The refusal to give a requested instruction covered by one given *held* not error.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

McCULLOCH, C. J.   Appellant is a young man under twenty-one years of age, and he and another young man named Taylor were separately indicted for the crime of robbery. Appellant was convicted, and has prosecuted an appeal to this court. The first contention of his counsel is that the evidence is not sufficient to sustain the verdict.

The two boys who were robbed, Will Little and Bob Harper, testified that they were asleep in an automobile on the night of September 30, 1924, when two men woke them up, and forcibly took from them a watch and three dollars in money. Neither of the accused persons were identified, but the State proved by two witnesses a subsequent confession by appellant to the effect that he and

Taylor committed the robbery. There was evidence tending to show that appellant was induced to make the confession by promises of a juvenile-court officer, who had him in his custody, to the effect that the officer would render such help as he could in lessening the punishment of appellant if he would disclose the facts in regard to the crime. The court submitted to the jury the question whether or not the confession was voluntarily made. We are of the opinion that the evidence was sufficient to sustain the verdict, for an admission of guilt, in connection with proof of the commission of the crime, is sufficient, under the statute, to support a conviction. Crawford & Moses' Digest, § 3182.

It is contended that the court erred in admitting proof of appellant's alleged confession, it being contended that the evidence showed that the confession was not voluntary. Appellant moved to exclude the testimony of the witnesses concerning the confession, and exceptions were duly saved, but the assignment was not carried forward in the motion for a new trial, therefore we cannot consider it.

Appellant requested the court to give the following instructions:

"1. The court instructs the jury that evidence of a confession has been admitted against the defendant, but, before you can convict the defendant upon any evidence of confession, you must find from the evidence that such statements, if any, were freely and voluntarily made; and if such statements were made upon any hope, promise or actions on the part of any officer, such as to lead the defendant to believe that he would obtain liberty or leniency, then such statements cannot be considered by you as evidence upon which to convict the defendant.

"2. Confessions not voluntarily made are inadmissible against accused, he being protected by law against confessions obtained by duress or through hope or fear."

The court gave instruction No. 1, but refused to give instruction No. 2, and that ruling is assigned as error.

It is easily seen that the subject-matter of instruction No. 2 was fully covered in instruction No. 1, which was given, and there was manifestly no error in the refusal to give No. 2.

There is no error in the record, and the judgment is therefore affirmed.