MOUSER *v.* STATE.

4551                                     219 S. W. 2d 611

Opinion delivered April 18, 1949.

132

*Claude F. Cooper,* for appellant.

*Ike Murry,* Attorney General and *Jeff Duty,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. R. E. Elliott, a night patrolman of the City of Blytheville, was making his rounds on Sixteenth Street about 11:30 p. m. September 28, 1948. As he walked around the rear of the Builder's

Supply Company he saw a man standing before a window of the building who turned and started running as the officer approached. Elliott called to the man and fired two shots at him as he fled through some high weeds back of the building. The officer then went to the window and found it open. The bottom of the window had skinned places indicating that it had been pried open and the latch pushed up by some kind of an instrument.

About two weeks later the sheriff of Mississippi County received information from Missouri officers that a man named Jess Fithen who was under arrest in that state had made statements implicating himself and appellant, Homer Mouser, in the alleged burglary at Blytheville. Appellant had also made a statement to the Missouri officers and was charged in the Blytheville Municipal Court with burglary. The sheriff of Mississippi county and chief of police of Blytheville went to Jackson, Missouri, where appellant was being held. They talked with appellant about twenty or thirty minutes in the courthouse at Jackson.

According to the testimony of the sheriff, appellant freely and voluntarily told of the attempt of Fithen and appellant to enter the building on the night in question and fleeing on the approach of officer Elliott. He also stated that a punch, sledge hammer and bar were dropped in the weeds about 30 feet from the building as he and Fithen fled. A punch and sledge hammer were found by city officers at the place designated by appellant, after receipt of the information from Missouri officers, but before the conversation with appellant.

Appellant also stated that he and Fithen drove to Blytheville and Keiser on the day of the alleged burglary and "cased" the bank at Keiser and the Builder's Supply Company, and that after they fled from the building, they drove to Missouri where they rejoined appellant's wife.

On October 26, 1948, information was filed in circuit court which, omitting formal parts, charged: "The said defendant on the 28th day of September, 1948, in the Chickasawba District of Mississippi County, Arkansas,

did unlawfully, burglariously and feloniously and with force break and enter the Builder's Supply Company, located in the City of Blytheville, Arkansas, with the unlawful and felonious intent to commit Grand Larceny, against the peace and dignity of the State of Arkansas." Upon trial the jury found appellant guilty and fixed his punishment at two years in the penitentiary and he has appealed from the judgment based on the jury's verdict.

It is first insisted that error was committed in permitting the deputy prosecuting attorney in his opening statement to detail the alleged confession made by appellant. In overruling appellant's objection the court cautioned the jury that the confession would not be admitted, if found to be incompetent when offered by the State. Appellant argues that the confession was subsequently improperly admitted in evidence and that error was, therefore, committed in detailing it to the jury.

When appellant objected to the admission of the confession, the trial court followed the usual practice of hearing testimony in the absence of the jury as to the circumstances under which the alleged confession was given. At the hearing in chambers, the testimony of the officers tended to show that the confession was voluntarily made while the testimony of appellant indicated that it was made on a promise of leniency and a threat to involve his wife. Appellant did not testify before the jury. Whether the confession was freely and voluntarily made thus became a question for the jury which was submitted under correct instructions. *Charles* v. *State*, 198 Ark. 1154, 133 S. W. 2d 26. Since the alleged confession was properly admitted in evidence, the court did not err in permitting the prosecuting attorney to detail it to the jury in the opening statement. *Smith* v. *State*, 205 Ark. 1075, 172 S. W. 2d 248.

Appellant also contends that the alleged confession was inadmissible and the testimony, therefore, insufficient to sustain a conviction because there was no proof of *corpus delicti* under Ark. Stats. (1947), § 43-2115, which provides: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was

committed.'' We have frequently held that the extra-judicial confession of the defendant, accompanied with proof that the offense was actually committed by someone, will warrant his conviction. *Smith* v. *State,* 168 Ark. 253, 269 S. W. 995; *Haraway* v. *State,* 203 Ark. 912, 159 S. W. 2d 733.

In *Harshaw* v. *State,* 94 Ark. 343, 127 S. W. 745, the court said: ''It is not essential that the *corpus delicti* be established by evidence entirely independent of the confession, before the confession can be admitted and given probative force. The confession may be considered in connection with other evidence tending to establish the guilt of the defendant. But, if there is no other evidence of the *corpus delicti* than the confession of the accused, then he shall not be convicted alone upon his confession. *Hubbard* v. *State,* 77 Ark. 126, 127 S. W. 745; *Meisenheimer* v. *State,* 73 Ark. 407, 84 S. W. 494.'' See, also, *Russell* v. *State,* 112 Ark. 282, 166 S. W. 540.

When the testimony of officer Elliott is considered in connection with the finding of the burglary tools at the place designated by appellant, it was sufficient to show a breaking of the building by someone with the intent to commit a- felony. We have held that, if one either breaks or enters the building of another in the night time with the intent to commit a felony, he is guilty of burglary under Ark. Stats. (1947), § 41-1004. *Minter* v. *State,* 71 Ark. 178, 71 S. W. 944; *Ingle and Michael* v. *State,* 211 Ark. 39, 198 S. W. 2d 996.

We have also held that if a house is entered in the night time with the intent to commit a felony, it is immaterial that the guilty purpose was not actually consummated because there was insufficient property in the house to steal or the accused was frightened off before he carried out his intent. *Ragland* v. *State,* 71 Ark. 65, 70 S. W. 1039. The same rule is applied where the defendant is surprised and interrupted after the breaking but before entry. *Creek* v. *State,* 214 Ark. 429, 216 S. W. 2d 787.

A serious question in the case is found in appellant's contention that the evidence was insufficient to

sustain the charge laid in the information. The question was raised by motion at the conclusion of the testimony and by specific objections to Instruction No. 1 given by the court. This instruction was given in the language of § 41-1004, *supra,* which provides: "If any person shall in the night time, wilfully and maliciously, and with force, break or enter any house, tenement, boat or other vessel, or building, although not specially named herein, with the intent to commit any felony whatever, he shall be deemed guilty of burglary." The State insists that the information charged burglary under this section while appellant contends that he was charged with violation of Ark. Stats. (1947), § 41-1001, which reads: "Burglary is the unlawful entering a house, tenement, railway car, automobile, airplane, or other building, boat, vessel, or water craft with the intent to commit a felony or larceny."

It will be noted that the information charged both breaking and entering, so that an offense was sufficiently charged under § 41-1001, *supra,* but the proof failed to show an entry of the building. While the information alleged a breaking it did not charge that it was done in the night time, which is an essential ingredient of an offense under § 41-1004, *supra.* Of course, the prosecuting attorney had the right, with the court's permission, to amend the information during the trial under Ark. Stats. (1947), § 43-1024. Ingle and Michael v. State, *supra.* Here appellant objected to the testimony showing that the offense was committed at night. He also challenged the sufficiency of the information by motion at the conclusion of the evidence and by specific objection to the instructions, without any offer by the State to amend the information. The overruling of such objections constituted reversible error and sustains appellant's contention that he was convicted for an offense not charged in the information after timely objections had been made. This amounted to more than a mere informality or uncertainty which a defendant may waive by failing to object before pleading to the merits or going to trial. See, *Cole* v. *State of Arkansas,* 333 U. S.

196, 68 Sup. Ct. 514, 92 Law Ed. 644; 12 C. J. S., Burglary, § 34.

We find it unnecessary to consider the assignment of error relating to improper argument of the deputy prosecuting attorney, as this should not occur on retrial. We have examined the other assignments of error in the motion for new trial and find them to be without merit.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.