MOUSER *v.* STATE.

4602                              228 S. W. 2d 472

Opinion delivered April 3, 1950.

*Claude F. Cooper* and *W. Leon Smith*, for appellant.

*Ike Murry*, Attorney General, and *Jeff Duty*, Assistant Attorney General, for appellee.

HOLT, J. This is the second appeal of this case, *Mouser* v. *State*, 215 Ark. 131, 219 S. W. 2d 611, opinion delivered April 18, 1949.

A jury convicted appellant of the crime of burglary, under Ark. Stats. (1947), § 41-1004, and assessed his punishment at a term of three years in the Penitentiary. From the judgment is this appeal.

For reversal, appellant has properly preserved in his motion for a new trial twenty-three assignments of alleged errors, nine of which he contends alleged, in effect, that the trial court erred in admitting in evidence a confession made by appellant at Jackson, Mo.

On behalf of the State, three witnesses, Percy Little and Otto Sperling, Missouri officers, and William Berryman, the sheriff of Mississippi County, Arkansas, testified that appellant, while in custody and in the Court House in Jackson, in their presence, freely and voluntarily confessed to the commission of the crime charged; and that he was not threatened, coerced or forced, or promised any reward or leniency.

Witness, Little, testified that appellant stated, in effect, he had attempted to break into the building in question in Blytheville, Arkansas, by prying open a window, and during the process of breaking in, some men came around the corner of the building and started shooting. He and an associate by the name of Fithen ran and as they ran, threw away certain tools,—a hammer, punch and a pinch bar or "jimmy," which they had in their possession. He further admitted that he and his accomplice were later picked up by appellant's wife and driven to a tourist camp along the highway. The other two witnesses corroborated Little's testimony and witness, Sperling, in addition, testified that appellant in his confession stated that "he made an attempt to get in (the building) but was frightened away from the place and

threw the tools out in the weeds right along there.''
Appellant did not testify in the trial of the case.

Upon appellant's objection to the admissibility of
this confession, the trial court, following the usual and
approved procedure, out of the presence and hearing
of the jury, heard testimony on the question whether the
confession had been made freely and voluntarily. At this
hearing, the above officers testified that the confession
was freely and voluntarily made by appellant. There
was no evidence by appellant to the contrary. This issue,
whether the confession was free and voluntary, was sub-
mitted to the jury under proper instructions.

The record reflects that the prosecuting attorney,
in his opening statement, was permitted, over appellant's
objection, to state the substance of this confession to
the jury. Having properly admitted the confession in
evidence under appropriate instructions, the court did
not err in permitting the State's attorney to detail this
confession to the jury in his opening statement. Such
was the effect of our holding in the recent case of *Smith
v. State,* 205 Ark. 1075, 172 S. W. 2d 249.

It also appears that the prosecuting attorney, as a
part of his opening statement, used the following lan-
guage: ''He (appellant) told Mr. Berryman that he, in
company with a man by the name of Jess Fithen, had
come into the State of Arkansas, about the _____ pos-
sibly the day before, or the day that this crime was al-
leged to have been committed. That they had driven
down to the town of Keiser and had ''cased'' a bank job
there, and looked it over, and they had decided it was a
little too big for them, and they could not make that
bank, and had come back in to Blytheville and had looked
over the lumber company.''

Following this statement, the following occurred:
''Mr. Smith: Now, if the court please, the defendant
moves that the jury now be told that the statement with
reference to any bank in Keiser is not proper, and should
not be made, and should not be considered for any pur-
pose, even in the opening statement. The Court: Well,

the objection is overruled. Mr. Smith: Exceptions, if the court please. During the course of the examination of the witness, Little, the prosecuting attorney asked that witness as follows: Q. Was there anything said by the defendant about the casing of a job at any other place? Mr. Smith: Now, that is objected to, if the court please. The Court: The objection is sustained.''

Appellant argues that ''the court should have instructed the jury that they could not consider that statement (meaning the reference to Keiser Bank in opening statement by the prosecuting attorney) for any purpose whatsoever, and in failing to do so reversible error was committed.''

The trial court did not err. It should have admitted into evidence that part of the confession relating to ''casing the Bank'' at Keiser. The testimony was competent as tending to show a criminal intent, scheme or design on the part of the appellant. (*Ross* v. *State,* 92 Ark. 481, 123 S. W. 756.) The prosecuting attorney committed no error in detailing to the jury that part of the confession about ''casing the Bank'' at Keiser, even though the court on motion of defendant erred in excluding the evidence.

Appellant next contends that the evidence was not sufficient to support the verdict. He says: ''The appellant respectfully concludes that the trial court should have directed a verdict in his favor. The only evidence produced by the state in any way connecting the defendant with the commission of the crime was his own extrajudicial statements,'' and that there was no proof of the *corpus delicti.* We cannot agree.

In this connection, what we said in our former opinion controls here: ''Ark. Stats. (1947), § 43-2115, * * * provides: 'A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.' We have frequently held that the extrajudicial confession of the defendant, accompanied with proof that the offense was actually committed by some one, will warrant his conviction. *Smith* v. *State,* 168 Ark. 253,

269 S. W. 995; *Haraway* v. *State,* 203 Ark. 912, 159 S. W. 2d 733.

"In *Harshaw* v. *State,* 94 Ark. 343, 127 S. W. 745, the court said: 'It is not essential that the *corpus delicti* be established by evidence entirely independent of the confession, before the confession can be admitted and given probative force. The confession may be considered in connection with other evidence tending to establish the guilt of the defendant. But, if there is no other evidence of the *corpus delicti* than the confession of the accused, then he shall not be convicted alone upon his confession. *Hubbard* v. *State,* 72 Ark. 126, 91 S. W. 11; *Meisenheimer* v. *State,* 73 Ark. 407, 84 S. W. 494.' See, also, *Russell* v. *State,* 112 Ark. 282, 166 S. W. 540."

In addition to the confession, witness, Elliott, testified that a short time after the burglary, he found in a weed patch back of the store a sledge hammer and punch. These tools were connected with appellant by witness, Little, who testified that appellant, in his confession, stated that he and Fithen had run from the building and thrown away the tools. It appears that no mention of tools had been previously made to appellant when he, appellant, referred to the tools. As indicated, witness, Sperling, testified that appellant in his confession stated that they threw the tools in the weeds "right along there." The tools were discovered just where appellant had indicated he and his accomplice had thrown them. All this evidence in connection with appellant's confession was sufficient to warrant the jury's verdict of guilty.

We deem it unnecessary to discuss separately the other assignments of alleged errors. It suffices to say that we have carefully examined each assignment and find them all to be without merit.

Accordingly, the judgment is affirmed.