PIGG *v.* STATE.

4676                                                    245 S. W. 2d 209

Opinion delivered January 21, 1952.

*John W. Wright,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

ROBINSON, J. The appellant, Clarence Pigg, was convicted in the Clark Circuit Court on a charge of grand larceny, it being alleged that Pigg stole eight head of cattle, the property of Richard Gaston, on the 21st day of November, 1950. On appeal, appellant says that, exclusive of an extrajudicial confession, there is no evidence to establish the *corpus delicti.* Also urged as error is the refusal of the trial court to give one of appellant's requested instructions.

As to the evidence, it was shown that eight of Gaston's cattle disappeared shortly before Thanksgiving Day, 1950; that Pigg formerly worked for Gaston; that

Johnnie Walters lived in the vicinity where the cattle usually ranged; that on the 22nd day of November, 1950, a man, who gave his name as Ray Smith, sold at the South Memphis stockyards, Memphis, Tennessee, eight head of cattle; that the person who sold these cattle was driving a truck with Arkansas license No. B-7384; that late in the day on November 22nd Johnnie Walters was arrested near Brinkley for driving while drunk; that he was in a truck with Arkansas license No. B-7384. Appellant Pigg was in the truck with Walters; however, Pigg was not drunk and was not arrested.

It was further shown that the license on the truck was issued to John L. Walters, who gave his address as Arkadelphia, Clark County. When Walters was arrested he had between $1,000 and $1,100 in his pocket and a sales slip from the Memphis stockyard. Appellant waited at the jail until Walters was released by putting up a bond of $116 which he forfeited.

Appellant testified in his own behalf and stated that he and Walters had been to eastern Arkansas together with reference to seeing about some land to work, and denied that they had been to Memphis. On cross-examination his testimony was such that a jury would be justified in not believing what he had to say in that respect on direct examination. In addition there was introduced in evidence appellant's confession made to the Sheriff of Clark County, in which he confessed to helping Walters load the cattle, knowing that the cattle belonged to Mr. Gaston, and helped in the transportation of the cattle to the stockyard at Memphis, and that he received $50 from Walters for his services in that connection.

The defendant repudiated the confession, but it does not appear that any third degree methods were used in obtaining the confession. A conviction cannot be based on an extrajudicial confession standing alone. There must be other evidence going to establish the *corpus delicti,* but when such evidence does exist and is introduced at the trial, the confession can then be used for

the purpose of being coupled with other evidence in establishing the *corpus delicti.*

In the case of *Harshaw* v. *State,* 94 Ark. 343, 127 S. W. 745, this court said: "It is not essential that the *corpus delicti* be established by evidence entirely independent of the confession, before the confession can be admitted and given probative force. The confession may be considered in connection with other evidence tending to establish the guilt of the defendant. But, if there is no other evidence of the *corpus delicti* than the confession of the accused, then he shall not be convicted alone upon his confession." This principle of law is cited with approval in *Mouser* v. *State,* 215 Ark. 131, 219 S. W. 2d 611, and in *Ezell* v. *State,* 217 Ark. 94, 229 S. W. 2d 32. The evidence in this case along with the confession is ·sufficient to sustain the conviction.

The court refused to give appellant's requested instruction No. 5, which is as ·fallows: "Gentlemen of the jury, you are instructed that if the State has failed to prove beyond a reasonable doubt that the cattle defendant is alleged to have stolen is the property of Richard Gaston, as alleged in the indictment, it is your duty to acquit the defendant."

Appellant's instruction No. 2 which was given by the court is as follows: "You are instructed, gentlemen of the jury, that ownership of the property is a necessary allegation in the indictment and must be proved as alleged. The burden of proof of ownership is on the State and in this case you are instructed that unless you find that the State has proven beyond a reasonable doubt that the defendant stole the cattle as alleged in the information and that the cattle were owned by J. R. Gaston, then it is your duty to acquit the defendant."

Thus, the principle of law covered by appellant's requested instruction No. 5, and refused by the court, was fully covered in appellant's requested instruction No. 2 given by the court.

The judgment is affirmed.