JOHNSON v. STATE.

4130                                        131 S. W. 2d 934

Opinion delivered October 2, 1939.

*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Asst. Atty. General, for appellee.

GRIFFIN SMITH, C. J. The defendant was convicted of arson and sentenced to ten years of penal servitude.

It was alleged that he feloniously set fire to cotton contained in an automobile trailer.

Two errors assigned are (1) that the *corpus delicti* was not established by evidence independent of a confession, and (2) that the confession was not voluntary, and therefore it was inadmissible.

Since the judgment must be reversed on the first ground, the second point will not be discussed.

The prosecuting witness Branch testified that the cotton in question was brought from one of his fields on the afternoon of October 24; that during the same day the defendant Johnson had been released from jail, where he had been held in connection with night-riding charges against other negroes;[1] that the cotton was absolutely dry; that the trailer was placed in the barn or under a shed about 90 feet long; that exhaust from the tractor connected with the trailer was directed upward through a four-foot pipe; that the fire was discovered about daylight the morning of October 25th; that physical facts indicated the cotton ignited at a point near the end of the trailer and "practically on top of the load"; that a levee is approximately fifty yards from the barn, with a road leading to it; that the destroyed cotton was worth $60, and the trailer was damaged to the extent of $10.

The defendant's wife and father were in jail at Osceola, held in connection with the night-riding charges heretofore referred to. Although the defendant in the instant case was kept in jail for some time, he was never formally accused of night-riding.

After the fire had been extinguished Branch went to Joiner. He had no information with respect to origin of the fire, other than suspicion.

A deputy sheriff, testifying for the state, said that he went to the Branch plantation the day of the fire "and checked up very carefully as to the time." He ascertained that the defendant had spent the previous night with his mother, and that he left for Joiner early

---

[1] *Johnson* v. *State*, 197 Ark. 1016, 126 S. W. 2d 289.

in the morning. Another witness saw appellant at Pecan Point between daylight and sun-up. At that time appellant was walking the gravel road rapidly, going in a direction away from the house—a direction which would lead past the Branch plantation and the load of cotton.

This was the principal testimony tending to show that the fire was of incendiary origin.

A special investigator, who had spent 18 years in the employ of the Frisco Railroad Company, took the defendant in an automobile and questioned him for several hours. A statement was made denying knowledge of the alleged crime. Later, in the sheriff's office, a confession was signed, and at the trial it was admitted in evidence.

Section 4018 of Pope's Digest is: "A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed."

Was there "other proof" that the offense was committed? We do not think so. It is possible—perhaps probable—that the defendant's confession was true. However, it is more important that the law's symmetry be preserved than it is that a criminal be punished in a particular case.

There is no presumption that an unexplained fire is of incendiary origin. On the contrary, the presumption is that such fire was caused by an accident, or, at least, that it was not of criminal design. In a prosecution for arson, as in other criminal cases, it is incumbent on the state to prove the *corpus delicti,* and it is now recognized as the universal rule in the law of arson that in order to establish the *corpus delicti* it is not only necessary that the state prove the burning of the building [or property] in question, but the evidence must also disclose that it was burned by the wilful act of some person criminally responsible for his acts, and not by natural or accidental causes.[2]

---

[2] 6 Corpus Juris Secundum, § 29, p. 746. See, also, 16 Corpus Juris, § 1514, pp. 735, 736, and 737.

In Alabama, California, Mississippi, Ohio, South Carolina, Tennessee, and some other states, the rule is that a predicate must be laid for the admission of a confession by introducing independent evidence of the *corpus delicti*. Our own cases do not seem to sharply draw this distinction. In *Harshaw* v. *State* [3] it was said that ''It is not essential that the *corpus delicti* be established by evidence entirely independent of the confession before the confession can be admitted and given probative force. The confession may be considered with other evidence tending to establish the guilt of the defendant. But, if there is no other evidence of the *corpus delicti* than the confession of the accused, then he shall not be convicted alone on his confession.''

In discussing an instruction in *Russell* v. *State* [4] we said: ''The latter part of the instruction correctly tells the jury that the defendant's statement alone will not be sufficient to justify the finding that the appellant committed the crime charged against him, but that such statements could be considered by the jury along with other circumstances, if there are such circumstances, tending to show that the crime was, in fact, committed.''

The ''other evidence,'' and the ''circumstances'' mentioned in these cases, and the requirements of the statute, must be of that substantial character which, independent of a confession, and considered without reference to what the accused is alleged to have said or written, would suffice to overcome the legal presumption that the casualty was an accident, or that it resulted from natural events.

In the instant case the independent evidence was not of the character to meet the law's requirement. The judgment is therefore reversed, and the cause is remanded for a new trial.

---

[3] 94 Ark. 343, 127 S. W. 745.
[4] 112 Ark. 282, 166 S. W. 540.