Emmit BODEN *v.* STATE of Arkansas

CR 80-96                                                 605 S.W. 2d 429

Supreme Court of Arkansas
Opinion delivered October 6, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. As appellant, Emmit Boden, was leaving a Little Rock hotel in which a fire had mysteriously erupted, he was detained on suspicion of arson and subsequently questioned by police officials. During the questioning, appellant not only admitted that he had feloniously set the fire at the hotel but confessed to feloniously starting fires at five other locations in Little Rock. Appellant was charged with six counts of arson and, after a non-jury trial, was convicted and sentenced to 10 years on each count, the sentences to run consecutively. Appellant now brings this appeal, challenging the sufficiency of the evidence as to four of the six counts.

Appellant relies upon Ark. Stat. Ann. § 43-2115 (Repl. 1977), which provides that a confession, unless made in open court, will not sustain a conviction unless accompanied with proof that such an offense was committed. This statute reflects a well established doctrine of American jurisprudence which is grounded in an inherent distrust of confessions. Its justification was artfully expressed by Judge Davidson of the Court of Criminal Appeals of Texas in *East* v. *State*, 146 Tex. Crim. 396, 175 S.W. 2d 603, 605 (1943):

> The wisdom of this rule lies in the fact that no man should be convicted of a crime, the commission of which he confesses, unless the State shows, by other testimony that the confessed crime was in fact committed by someone. The contrary would authorize a return of conditions that existed in the days of the inquisition.

Appellant argues that, except for his confession, no evidence of arson was presented at his trial. In this argument, appellant is not only assisted by an old common law rule establishing a presumption against arson in the instance of an unexplained fire, but by our judicial policy requiring

evidence of a "substantial character" to rebut this presumption. *Johnson* v. *State*, 198 Ark. 871, 131 S.W. 2d 934 (1939).

Appellant challenges the evidentiary support for arson convictions in connection with fires at the Leake Building (KATV), the Holiday Inn at 6th and Broadway, and certain apartment buildings located at 504 East 6th and 308 East 7th in Little Rock. Although the evidence establishes that fires occurred on the dates in question at these locations, the fire marshal testified that the causes were undetermined. With the exception of the apartment building at 308 East 7th, no one testified that appellant was ever seen near the locations in question. At 308 East 7th, a tenant testified that he saw two men, one of whom looked like appellant, walking in front of the building talking suspiciously the morning after the fire, but that testimony could hardly be considered substantial. The only other evidence which connects the appellant to the fire locations is a bus schedule which was found on him, on the back of which is written "Night Terror Strikes Again!" On another page of the schedule is written: "Holiday Inn," "Sam Peck," "Sheraton," and "Marriott" with an "X" written to the right of each. Although this evidence does independently connect appellant with the locations, it is not of sufficient character to rebut the legal presumption that the fires were not purposely started.

We, therefore, are obliged to hold that there is insufficient evidence, independent of the confession, to support the convictions of the four counts of arson which appellant challenges. The conviction of the remaining two counts will, of course, remain unchanged.

Reversed.

STROUD, J., dissents.