John Edward SPENCER *v.* STATE of Arkansas

CR 85-31                                              686 S.W.2d 436

Supreme Court of Arkansas
Opinion delivered April 1, 1985

*Jim Lyons,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint E. Miller,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of first degree carnal abuse of a person who was less than fourteen years old. There is no need to review the facts since the sufficiency of the evidence is not questioned. We affirm the judgment.

Appellant first contends that the trial court erred in denying his motion to take the discovery deposition of three prosecution witnesses. He argues that the Due Process Clause gives the accused a right to discovery, and, as

authority, cites *Wardius* v. *Oregon,* 412 U.S. 470 (1973). The argument is without merit. The *Wardius* opinion makes it clear that the Due Process Clause does not, by itself, require discovery procedures in criminal cases. Rather, it mandates that when a state imposes discovery against a defendant, due process requires that equivalent rights be given against the state. Arkansas statutes do not provide for discovery against a defendant, as does the Oregon notice-of-alibi rule, at issue in *Wardius,* which requires that when a criminal defendant intends to rely on an alibi defense, he must notify the State of the place where he claims to have been at the time in question and of the names and addresses of witnesses he intends to call in support of the alibi. *Wardius* does not mandate discovery under the Arkansas procedure. *Hoggard* v. *State,* 277 Ark. 117, 640 S.W.2d 102 (1982). Instead, it is discretionary with the trial judge. *Sanders* v. *State,* 276 Ark. 342, 635 S.W.2d 222 (1982). Since appellant has not included any trial testimony in the record we cannot determine whether the trial judge abused his discretion. We do not reverse for failure to grant discovery in a criminal case without showing an abuse of discretion. *Sanders* v. *State, supra.*

Appellant next contends that the trial court erred in refusing to quash the information or in suppressing their testimony because the prosecutor took three witnesses to the courtroom and went over their testimony. Again, we find the argument to be without merit. The appellant moved to quash the information, or alternatively to suppress the testimony, or alternatively for a continuance. The court granted the requested alternative motion for a continuance. A party cannot complain of a ruling that was made at the insistence of his own attorneys, *Sheppard* v. *State,* 239 Ark. 785, 394 S.W.2d 624 (1965).

Affirmed.