Joe David THOMAS *v.* STATE of Arkansas

CR 87-188                                    746 S.W.2d 49

Supreme Court of Arkansas
Opinion delivered March 14, 1988

*Ford, Blair & Crabtree*, by: *Terry Crabtree*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. On June 26, 1987, a jury returned verdicts finding the appellant guilty of two counts of arson, four counts of burglary, and one count of theft of property. His punishment was assessed at twenty (20) years each on the arson counts and ten (10) years each on the other five convictions, the sentences to be served consecutively. His sole argument on appeal is that the evidence was insufficient to support the arson convictions. We agree, and reverse and dismiss the arson convictions. The judgment as to the other five convictions is affirmed.

The Siloam Springs Golf Course Clubhouse and the dwelling of Diana Lovett were burglarized in 1986, and shortly thereafter both buildings burned. The appellant was charged by information with the burglary and arson of both structures, two other counts of burglary, and one count of theft of property. After his arrest, the appellant made several incriminating statements. In this confession, the appellant indicated it was actually an accomplice who set the fires. The accomplice entered a guilty plea to charges of burning these properties.

The state did not call any witnesses, expert or otherwise, to establish that the fires were purposefully started. The owners of the properties testified at the trial, but they did not have any knowledge about the origin of the fires. The state clearly established that the appellant was involved in the two burglaries. It is also undisputed that both structures were destroyed by fire. However, there was no evidence introduced by the state other than the confession to indicate that the fire was of intentional origin.

We note initially that the appellant was charged in one of the arson counts with destroying or damaging a "vital public facility." Ark. Code Ann. § 5-38-301(a)(4) (1987). This facility was the Siloam Springs Golf Course Clubhouse. Ark. Code Ann. § 5-38-101(4) (1987) states: " 'Vital public-facility' means a facility maintained for use for public communications, transportation, supply of water, gas, or power; law enforcement; fire protection; civil or national defense; or other public service." A

clubhouse for a golf course does not meet any of the criteria set out above. Obviously, however, it is an "occupiable structure." See Ark. Code Ann. § 5-38-101(1) (1987).

The Attorney General concedes that the evidence is insufficient to support the arson convictions.

■ A confession of a defendant must be accompanied by other proof that the offense was committed. *McQueen* v. *State*, 283 Ark. 232, 675 S.W.2d 358 (1984). Ark. Code Ann. § 16-89-111(d) (1987) states: "A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed."

This statute was discussed in the context of arson in the case of *Johnson* v. *State*, 198 Ark. 871, 131 S.W.2d 934 (1939). Speaking for the court in *Johnson*, Chief Justice Griffin Smith stated the question: "Was there 'other proof' that the offense was committed? We do not think so. It is possible—perhaps probable—that the defendant's confession was true." He emphasized, however, that it is more important that the law's symmetry be preserved than that a criminal be punished in a particular case. The opinion further stated:

> There is no presumption that an unexplained fire is of incendiary origin. On the contrary, the presumption is that the fire was caused by an accident, or, at least, that it was not of criminal design. In a prosecution for arson, as in other criminal cases, it is incumbent on the state to prove the *corpus delicti*, and it is now recognized as the universal rule in the law of arson that in order to establish the *corpus delicti* it is not only necessary that the state prove the burning of the building [or property] in question, but the evidence must also disclose that it was burned by the wilful act of some person criminally responsible for his acts, and not by natural or accidental causes.

> . . .

> The "other evidence" . . . must be of that substantial character which, independent of a confession, . . . would suffice to overcome the legal presumption that the casualty was an accident, or that it resulted from natural events.

■ The presumption against arson and the statute requiring "other proof that the offense was committed" were recently addressed in *Boden v. State*, 270 Ark. 614, 605 S.W.2d 429 (1980). *Boden* cited *Johnson* with approval and reaffirmed the common law presumption against arson in the instance of an unexplained fire, and the requirement that evidence must be of a "substantial character" to rebut this presumption.

■ Stating the case most favorably to the state, as we are bound to do on appeal, the evidence demonstrates that the appellant confessed to the burglary and arson of the two buildings and that the buildings were destroyed by fire. However, there was no showing of the origin of the fires nor any evidence that they were intentionally set. Therefore, we must agree with the appellant that there was insufficient evidence to support the convictions on the two counts of arson.

The convictions for arson are reversed and dismissed. The judgments concerning the other convictions are affirmed.

HICKMAN and HAYS, JJ., concur.