Michael AARON *v.* STATE of Arkansas

CR 89-58 775 S.W.2d 894

Supreme Court of Arkansas
Opinion delivered September 18, 1989

*Priscilla Karen Pope*, for appellant.

*Steve Clark*, Att'y Gen., by: *David Eberhard*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal is from a rape conviction. The appellant, Michael Aaron, was sentenced to life imprisonment. His contentions on appeal are that the evidence was insufficient to support the conviction and that the court erred in refusing to suppress testimony about a document found in Aaron's possession when he was arrested. We affirm because no argument was made in the trial court on the sufficiency of the evidence and because the defense offered the very evidence with respect to which it had earlier sought to suppress testimony.

The victim testified she met Aaron at the Countryland Club at Springdale on the night of May 6, 1988. He told her his name was Mike and that he had been living in California and Illinois but was now living in Arkansas. He asked her to dance and for a ride home. She refused. When she left the club at approximately 1:30 a.m., May 7, 1988, Aaron confronted her at her car, forced her into the car, and raped her in the car following a struggle. She testified that he knocked four of her teeth loose by hitting her in the mouth with his fist. She hurt her shoulder in the struggle, and at one point she was unable to breathe because of blood from her mouth choking her.

The victim worked with the police to make a composite drawing of her attacker. She said she had gotten a good look at him while they were in the club. She noted that he had a tooth missing in the front of his mouth and gave a description which fit Aaron in other details fairly closely as well. She positively identified Aaron at the trial as having been the person who attacked and raped her.

Aaron's defense at the trial included an alibi witness as well as testimony suggesting that someone who saw the victim shortly after the incident allegedly happened did not notice that she looked beaten up. He also attempted to show that one of the police officers who investigated the allegations thought it had been reported at first as something other than a rape and that the victim had not identified Aaron at the first lineup she viewed, although she had identified him at a second lineup.

### 1. Sufficiency of the evidence

The sufficiency of the evidence was not questioned at the trial. No objection was made on that basis, and there was no motion for a directed verdict. We do not consider arguments made for the first time on appeal. In *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988), we held the failure to raise the issue of insufficiency of the evidence at trial was fatal to an attempt to raise it on appeal. Citing *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980), we pointed out that the only instances in which we will consider possible error not brought to the attention of the trial court, in addition to death penalty cases, are:

(1) where error is made by the trial judge without

knowledge of the defense counsel, (2) where the trial court should intervene on its own motion to correct a serious error, and (3) where evidential errors affect a defendant's substantial rights although they were not brought to the court's attention.

None of the exceptions applies here.

### 2. Suppression of evidence

The state presented the testimony of Officer Clark who arrested Aaron without a warrant while he was investigating the rape allegation. Clark testified he arrested Aaron not for having committed the rape but for having failed to return to the Springdale jail where he was supposed to have been spending his nights as the result of a DWI conviction. Aaron had admitted to Clark that he had not reported to the jail on the evening of May 6, 1988, because he had been drinking and feared he would lose his work privilege. He had called in to the jail to say he had to stay late on his job.

As Clark began to testify upon direct examination about having seen Aaron's driver's license at the time of the arrest, counsel for Aaron objected on the ground that the arrest was warrantless and thus illegal, and he moved that testimony about the driver's license be suppressed. The motion was denied.

Upon re-cross examination of Clark, defense counsel asked him to examine a crumpled "I.D. card" with Aaron's name and a California address. The officer said, "[t]hat item, if I have seen it before, was not in that condition." The card was admitted into evidence as a defense exhibit.

The only possible prejudice to Aaron's case which could have come from Clark's testimony was the corroboration of the victim's testimony about her attacker being named Mike and having been in California. By introducing the I.D. card, the defense effectively waived whatever objection it might have had in this respect. When a defendant places in evidence that to which he had previously objected, a waiver occurs. *Williams* v. *State*, 288 Ark. 444, 705 S.W.2d 888 (1986).

### 3. Rule 11(f)

The state's brief contains no assurance that all of the objections ruled upon adversely to the defendant have been abstracted. Rather than take the time to ask the attorney general for that assurance, we have reviewed the record. The state has abstracted the record in compliance with Arkansas Supreme Court and Court of Appeals Rule 11(f). We find no prejudicial error in any of the court's rulings.

Affirmed.