Jimmy HART *v.* STATE of Arkansas

CR 89-164                                          783 S.W.2d 40

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*Jim Carfagno, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Jimmy Hart was convicted of theft by receiving and sentenced to 28 years imprisonment, being a four-time convicted felon. The most significant question presented in this appeal is whether the state offered sufficient proof to corroborate the statements he made to the police. The state proved, independent of Hart's statements, that the property in question was stolen. (It was an expensive computer, keyboard and printer.) Hart argues that, while such evidence may be proof that the offense of theft occurred, it is not proof that the separate offense of theft by receiving occurred. He asked the trial court for a directed verdict, which was denied. We affirm that decision.

First, we point out the clear distinction between evidence needed to corroborate a confession and that needed to corroborate the testimony of an accomplice. The former, which is the case before us, is governed by Ark. Code Ann. § 16-89-111(d) (1987) and reads as follows:

> A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed.

We have consistently held the proof need only be that the offense was committed. *Morgan* v. *State*, 286 Ark. 264, 691 S.W.2d 164 (1985). When corroboration of an accomplice's testimony is sought, the state must do more than show the offense was committed. The testimony of an accomplice must be corroborated by other evidence tending to connect the defendant with the commission of the offense. Ark. Code Ann. § 16-89-111(e)(1) (1987). In this case, the state did not have to connect Hart to the offense by independent evidence. There must only be "other proof" that the offense occurred, in other words, proof of the *corpus delicti. Johnson* v. *State*, 298 Ark. 617, 770 S.W.2d 128 (1989).

That matter aside, we address the question of whether the state satisfied the law when it proved independently that the crime of theft was committed but not theft by receiving. To answer the question, we first examine the purpose of the *corpus delicti* requirement. The primary reason the state must prove the *corpus delicti* is to insure that a person is not convicted of a crime that did not occur. *Johnson* v. *State*, 198 Ark. 871, 131 S.W.2d 934 (1939). *See also People* v. *Williams*, 422 Mich. 381, 373 N.W.2d 567 (1985). The state must prove, independent of a confession, that two elements exist: 1) an injury or harm constituting the crime, and (2) that the injury or harm was caused by someone's criminal activity. E. Cleary, *McCormick on Evidence*, § 145 at 366-67 (3d ed. 1984). As a general rule, the connection of the accused with the crime is not an element of the *corpus delicti.* 23 C.J.S. *Criminal Law*, § 1110 at 398 (1989).

Some courts literally require every essential element of the crime to be proved by independent evidence. *See Forte* v. *United States*, 94 F.2d 236 (D.C. Cir. 1937). *See also* Annot., 45 A.L.R.2d § 7(b) at 1329-31. Others do not; it is sufficient if the corroborating evidence tends to establish the major or essential harm.

In *People* v. *Cantrell*, 8 Cal.3d 672, 105 Cal. Rptr. 792, 504 P.2d 1256 (1973), *disapproved on other grounds, People* v. *Wetmore*, 22 Cal.3d 318, 149 Cal. Rptr. 265, 583 P.2d 1308 (1978), and *Gentry* v. *State*, 416 So.2d 650 (Miss. 1982), it was held that in felony-murder prosecutions, independent proof of the underlying felony, such as robbery, does not have to be produced

to establish the *corpus delicti* of the offense. In *People* v. *Cantrell*, the court quoted with approval:

> The corpus delicti of the crime of murder having been established by independent evidence, both reason and authority indicate that the circumstances surrounding the commission of the crime can be shown by the extra-judicial statements of the accused, and that such evidence of the surrounding circumstances may be used to establish the degree of the crime committed.

The California courts still follow this reasoning. *See People* v. *Howard*, 44 Cal.3d 375, 243 Cal. Rptr. 842, 749 P.2d 279, *cert. denied*, ___ U.S. ___, 109 S.Ct. 188 (1988).

In *Gentry* v. *Mississippi*, the court said the following:

> It is well established in this state that the corpus delicti in a homicide case is made up of two fundamental facts, the first being the death of the deceased and the second the fact of the existence of a criminal agency as to the cause of death. (citation omitted) Thus, in a prosecution for premeditated murder the state is not required to prove independently those mental elements if the defendant had made a confession that admitted them. It follows that independent proof of the felony in a felony-murder prosecution is not necessary if the proof of the felony can be gathered from the confession. In this case the state satisfied the burden upon it by proving the death and that it resulted from a criminal agency. Appellant confessed that he killed the deceased while committing armed robbery.

■ It would seem our decisions in murder cases generally follow the reasoning in these cases. *See Derring* v. *State*, 273 Ark. 347, 619 S.W.2d 644 (1981); *Hays* v. *State*, 230 Ark. 731, 324 S.W.2d 520 (1959) (the state must prove beyond a reasonable doubt that the deceased was in fact killed and that he came to his death by the act of someone other than himself).

More directly on point is the case of *State* v. *Fuller*, 446 So.2d 799 (La. App. 1984). The defendant was charged alternatively with theft and receiving stolen goods. The defendant argued that his conviction for receiving stolen goods could not stand because there was no independent evidence of that crime,

only the crime of theft. The court dealt with the question this way:

> Thus the defense argues that, while the defendant admitted seeing the theft occur, his subsequent confession to receipt of items taken in that theft cannot sustain a conviction because the only evidence of the fact that the offense of receiving stolen goods occurred is the defendant's own confession.

> We categorically reject this ingenious contention. We hold that where, as here, there is proof of the corpus delicti of a theft and the defendant is charged alternatively with theft or receiving stolen things, that sufficient proof of a corpus delicti exists to make admissible a voluntary confession to having received goods which were the subject of that theft.

It is noteworthy that in Arkansas, the distinction between types of theft has been abolished. Ark. Code Ann. § 5-36-102 (1987) reads as follows:

> (a)(1) Conduct denominated theft in this chapter constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretence, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses.

The commentary to this section adds this insight:

> It is hoped that making theft a single offense, regardless of the manner in which it occurs, will reduce the needless wrangling at both trial and appellate levels over whether particular conduct that is obviously criminal constitutes one offense rather than another.

The crime in this case is theft. It was undisputed that a theft occurred. Hart's receipt of the goods, knowing or having good reason to be believe they had been stolen, could be established by his confession. The state need not independently prove each specific element of the offense of theft by receiving to establish the *corpus delicti. See Harshaw* v. *State*, 94 Ark. 343, 127 S.W. 745 (1910); *Bright* v. *State*, 490 A.2d 564 (Del. 1985). *See also*, E. Cleary, *McCormick on Evidence*, § 145 at 371 (3d ed. 1984).

We also find the remaining arguments meritless. Appellant asked the court to instruct the jury on the legal requirement that a confession be corroborated. He did not proffer a typewritten instruction, but he read § 16-89-111(d) to the court and asked that the jury be so instructed. We note there is no instruction in AMCI which parallels this statute. Since the appellant did not proffer a typewritten copy of his proposed instruction, the argument is not preserved for appeal. *See Willett v. State*, 18 Ark. App. 125, 712 S.W.2d 925 (1986); A.R.Cr.P. Rule 33. Appellant claims he could not have anticipated the need for the instruction, but he did not make that known to the trial court, nor was a continuance or a recess requested to have the instruction typewritten.

Appellant also claims error occurred as the result of a suspended sentence revocation hearing that was held prior to his trial. At the hearing, appellant took the stand to testify that his suspended sentence period had expired. On cross-examination, the state asked him several questions concerning the theft by receiving charge. Citing *Simmons v. State*, 390 U.S. 377 (1968), he claims the state should have been prevented from using any information gained at the revocation hearing as a basis for his conviction. Hart has not shown that the state used such information at the trial. Therefore even if error occurred, he has shown no prejudice as he is required to do. *Tillman v. State*, 300 Ark. 132, 777 S.W.2d 217 (1989).

One of the appellant's statements admitted into evidence against him contained references to a trip to Little Rock during which his companions sold some tools. Appellant asked that the statement not be admitted because it contained the implication that the tools were stolen. (In fact, the tools were stolen from the same place that the computer had been stolen, but appellant was not charged with that theft.) The court refused to suppress the statement. The statement, at most, contained vague implications that the tools were stolen; but it was Hart who let the jury know that the tools were definitely stolen goods. In questioning a police officer on cross examination, he elicited the response that the tools were in fact stolen. The appellant, although inadvertently, placed the allegedly objectionable matters before the jury, therefore, he may not complain on appeal. *Aaron v. State*, 300 Ark. 13, 775 S.W.2d 894 (1989).

Finally, Hart claims that the jury should have been instructed it could sentence him to five to forty years in prison rather than the twenty to forty years set out in the habitual offender statute. Ark. Code Ann. § 5-4-501(b)(3) (1987). His argument is based on the wording of the statute, which is that a person convicted of four or more felonies *may* be sentenced to an extended term of imprisonment. Hart claims that use of the word "may" indicates the jury is permitted to sentence him to twenty to forty years, but is not required to.

The sensible meaning of the statute is that the jury may sentence the offender to any term of years between twenty and forty. *See Rogers* v. *State*, 10 Ark. App. 19, 660 S.W.2d 949 (1983).

Affirmed.

DUDLEY and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The court's opinion is not quite convincing. Murder in the course of committing a felony is one act. It makes sense to say evidence of death by criminal means satisfies the *corpus delicti* requirement where the charge may be felony murder. Theft and theft by receiving are two separate acts. The receiving may occur miles from and weeks after the theft. A showing that the theft occurred has no relationship to a showing that theft by receiving occurred. The gravamen of the latter offense is knowledge that the goods were stolen, Ark. Code Ann. § 5-36-106 (1987); the *corpus delicti*, therefore, should be a showing that the goods were received with such knowledge rather than that the owner suffered an unlawful taking.

The court's opinion cites only one case directly on point, *State* v. *Fuller*, 446 So.2d 799 (La. App. 1984). There, a Louisiana court of appeals referred to the appellant's argument as "ingenious." The court was stonewalling to avoid the frustration we must sometimes endure in order to follow the law.

I respectfully dissent.

DUDLEY, J., joins in this dissent.