SLIP OPINION



Cite as 2015 Ark. App. 452

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–50

| | |
|---|---|
| WILLIAM JOE MOLPUS, JR.<br>APPELLANT | **Opinion Delivered** September 9, 2015 |
| V. | APPEAL FROM THE STONE COUNTY CIRCUIT COURT<br>[NO. CR–2010-90] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN DAN KEMP, JUDGE |
| | AFFIRMED |

## M. MICHAEL KINARD, Judge

Appellant William Joe Molpus, Jr. was found guilty of arson by a Stone County jury. On appeal he challenges the sufficiency of the evidence, arguing that his confession was not adequately corroborated. We affirm.

Deborah Blackwell and James Burge testified that they purchased a cabin on the White River in 2006 for more than $48,000. The driveway to the cabin crossed appellant's property. Blackwell said that they had an easement across appellant's property, but appellant had threatened to put up a gate to keep them out. While Blackwell was staying at the cabin in July 2010, appellant threatened four times to burn the cabin down. When she left the cabin to go home, Blackwell left the propane disconnected and pulled the breaker out of the breaker box. The cabin was destroyed by fire on July 25, 2010. When Blackwell was able to return to the cabin, it had been swept clean and piles of bricks were all that remained. After the fire, appellant had completed construction of a fence and installed a locked gate,

which prevented Blackwell from reaching her property.

Dennis Simons, an investigator with the Arkansas State Police, began investigating the fire in September 2010. Simons and Investigator Todd Shaw went to the property and met appellant at his gate before gaining access to the fire scene. Simons said that the cabin had been totally destroyed by fire, and there was no scrap metal or remnants of wood or appliances like what usually remained after a house fire. Simons said that this was "extremely odd" and meant that someone had cleaned the scene before he arrived. Due to the scene being cleaned up, he said that they were unable to determine the origin or cause of the fire.

Simons spoke with appellant on his property to find out what had happened to the fire scene. A recording of their conversation was played at trial. Appellant initially denied setting the fire that burned the cabin but admitted setting a second fire to burn beams and clean up the property. He admitted that he had taken down crime-scene tape strung by the fire chief after the first fire and that he had no authority to clean up the property. Appellant told Simons that he had called a man to come remove the scrap metal from the scene. Appellant eventually admitted to Simons that he had set the fire that burned the cabin down. He said that he burned the cabin because it had negative energy and that he started the fire with tiki fuel.

Appellant argued in his motion for directed verdict that there was no corroboration of his confession, but his motion was denied. The jury found appellant guilty, and he was sentenced to fifteen years' imprisonment and ten years' suspended imposition of sentence (SIS).

2

A confession of a defendant, unless made in open court, does not warrant a conviction unless accompanied with other proof that the offense was committed. Ark. Code Ann. § 16-89-111(d)(1) (Supp. 2013). This requirement for other proof, sometimes referred to as the corpus delicti rule, mandates only proof that the offense occurred and nothing more. *Ventry v. State*, 2009 Ark. 300, 318 S.W.3d 576. Under the corpus delicti rule, the State must prove (1) the existence of an injury or harm constituting a crime and (2) that the injury or harm was caused by someone's criminal activity. *Id.* It is not necessary to establish any further connection between the crime and the particular defendant. *Id.* Further, the corroborating evidence need not be sufficient, by itself, to sustain the conviction. *Gipson v. State*, 2010 Ark. App. 820.

Accordingly, we must determine whether, setting aside appellant's out-of-court confession, the evidence demonstrates that the crime of arson was committed by someone. A person commits arson if he or she starts a fire with the purpose of destroying or otherwise damaging an occupiable structure that is the property of another person. Ark. Code Ann. § 5-38-301(a)(1)(A) (Repl. 2013). At the time of the fire, there was a common-law presumption that an unexplained fire was caused by accident.[1] *Fowler v. State*, 99 Ark. App. 283, 259 S.W.3d 478 (2007). Appellant argues that the State failed to prove that the crime of arson took place because the State's witnesses admitted that they were unable to establish a cause for the fire without the confession.

---

[1]The presumption has since been eliminated by statute. *See* Ark. Code Ann. § 5-38-312 (Repl. 2013).

The State contends that there was sufficient "other proof" that the fire was the result of arson. The State notes Blackwell's testimony that the electricity and propane were disconnected at the time of the fire and that appellant had repeatedly threatened to burn the cabin days before the fire. After the fire, the crime-scene tape was removed, a second fire was set, and scrap metal along with other remnants of the fire were removed from the scene. Conduct of the accused following the crime, such as concealment or destruction of evidence, is relevant and properly considered as evidence of consciousness of guilt. *Simpkins v. State*, 2010 Ark. App. 723. We hold that this evidence constitutes sufficient "other proof" that the fire was the result of arson. Appellant's confession, accompanied by this other proof that a crime was committed, is sufficient to support his conviction. We affirm.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.